FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAR 21  PM 3 34

STEPHAN HARRIS, CLERK
CHEYENNE

Gary L. Shockey
GARY L. SHOCKEY PC
Box 10773
Jackson, WY. 83002
(307) 733-5974 (office)
(307) 690-8060 (cell phone)
(866) 567-8950 (facsimile)
gary@garyshockeylaw.com
garyshockey@msn.com
Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | | |
|---|---|---|
| LARRY DOWNEY, individually, for and on behalf of himself, and LARRY DOWNEY and MARGARET M. WHITE, as Personal Representatives of the ESTATE OF DEBORAH DOWNEY, <br>         Plaintiffs, <br><br> vs. <br><br> FK TRANSPORT, FK TRANSPORT, LLC, and HASAN SUBASIC, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil No. ___13CV-67F___ |

### COMPLAINT

### I. JURISDICTION AND VENUE

COME NOW PLAINTIFFS, through counsel, and for their causes of action against the Defendants, state and allege as follows:

1. Plaintiff Larry Downey is, and at all times relevant hereto, was, a resident of the State of North Carolina.

2. Plaintiffs Larry Downey and Margaret White are the duly appointed personal representatives of the Estate of Deborah Downey, having been appointed in this capacity by Order of the District Judge of the First Judicial District, Laramie County, Wyoming, on the 26th day of February, 2013. Deborah Downey died at her home in North Carolina on the 31st day of October, 2012. It is unclear whether her death was accidental or intentional. Her death was not the direct and proximate cause of injuries sustained in the trucking crash which is the subject of this Complaint. Plaintiffs Larry Downey and

Margaret White have been appointed personal representatives of the Estate of Deborah Downey for the purposes of pursuing a survival action, pursuant to Wyoming Statutes, as amended, Sections 1-4-101 and 102.

3. At all times relevant hereto, the defendants FK Transport and/or FK Transportation LLC [hereinafter "FK Transport"] was a trucking business headquartered in the Salt Lake City, Utah, area.  It is unclear whether FK Transport was a corporation, sole proprietorship, or limited liability company at the time of the incident which is the subject of this action.  FK Transport was a Utah business with its principal place of business in Utah, with its address listed at the time of the crash as 3338 E. Creek Road, Cottonwood Heights, Utah, 84121.

4. Defendant Hasan Subasic was the driver of a 2000 Peterbuilt Conventional tractor and trailer unit, VIN 1XP5DB9X1YD524492 at the time of the crash which is the subject of this action.  At that time, Hasan Subasic was a resident of West Valley, Utah. On information and belief, Plaintiffs allege that Hasan Subasic was the employee, contractor, agent, or otherwise in a relationship with FK Transport such as to render FK Transport liable and responsible for the acts and omissions of Hasan Subasic.

5. The crash which is the subject of this action occurred on the 26th day of March, 2009, in Carbon County, Wyoming, near milepost 217.59 on Interstate 80.  All acts and omissions which are the subject of this Complaint occurred within the State of Wyoming. Venue is proper in the United States District Court for the State of Wyoming.

6. The amount in controversy in this action exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and diversity of citizenship exits between Plaintiffs and Defendants; this Court has jurisdiction pursuant to 28 U.S.C. Section 1332.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff Larry Downey and Deborah Downey were, at all times relevant hereto, husband and wife.

8. Both Larry Downey and Deborah Downey were licensed and authorized truck drivers.  At the time of the incident which is the subject of this action, they drove for Drivers' Express, a North Carolina trucking business.

9. As above alleged, FK Transport and Hasan Subasic were based in Utah and engaged in the business of trucking.

10. On March 26, 2009, between 12:00 p.m. and 1:00 p.m., Larry Downey was operating his vehicle in a safe and prudent manner, at a low speed due to slick road conditions. Deborah Downey was in the sleeper area of the cab of the truck.

11. The FK Transport vehicle operated by Hasan Subasic passed another passenger vehicle which had been following the Downey truck and then passed the Downey truck. The FK Transport vehicle was being operated at a high speed, too fast for weather and road conditions at the time.

12. Shortly after passing the Downey vehicle, the FK Transport vehicle jackknifed in the line of travel of the Downey vehicle. The FK Transport vehicle eventually blocked the entire travel area in front of the Downey vehicle. In spite of best efforts by Larry Downey, the Downey vehicle collided with the FK Transport vehicle.

13. Due to the unsafe operation of the FK Transport vehicle, two other vehicles were unavoidably involved in the incident, one of which struck the Downey vehicle.

14. Both Larry Downey and Deborah Downey incurred physical injuries due to the collision caused by the FK Trasport vehicle and its operator, Hasan Subasic.

## III. FIRST CAUSE OF ACTION: NEGLIGENCE RESULTING IN INJURIES TO LARRY DOWNEY

15. Plaintiffs restate and reallege all facts in paragraphs 1 – 14 above and further state and allege that the Defendants FK Transport and Hasan Subasic were negligent in the following, but not exclusive, respects:

a. Hasan Subasic operated his vehicle in a careless and negligent manner in general.

b. Hasan Subasic operated his vehicle at a speed in excess of that which was safe for then-existing conditions.

c. Hasan Subasic failed to keep his vehicle under proper control.

d. Hasan Subasic operated his vehicle in violation of State of Wyoming vehicle statutes.

e. Hasan Subasic operated his vehicle in violation of Federal Department of Transport and other agency rules and regulations.

f. FK Transport negligently hired and retained Hasan Subasic.

g. FK Transport negligently trained, or negligently failed to train, Hasan Subasic.

h. FK Transport negligently required its drivers to operate in unsafe manners and in unsafe conditions.

16. As a direct and proximate cause and consequence of the negligence of FK Transport and its driver, Larry Downey incurred injuries to his person for which he is entitled to recover damages.

## IV. SECOND CAUSE OF ACTION: LOSS OF CONSORTIUM

17. Plaintiffs restate and reallege all facts in paragraphs 1 – 16 above, and further state and allege as follows:

a. At the time of the subject incident, Larry Downey and Deborah Downey were husband and wife. They remained husband and wife until the time of her death.

b. Deborah Downey suffered significant physical and emotional injuries as a result of the negligence of the Defendants.

c. As a result of the injuries to Deborah Downey, the marital relationship between Larry Downey and Deborah Downey was injured.

d. As a result of the injuries to Deborah Downey, Larry Downey lost the benefits of mutual love, affection, intimacy, companionship, care, comfort, society and financial benefits he would have enjoyed in the marital relationship.

18. As a direct cause and consequence of the injuries to Deborah Downey, Larry Downey has suffered the above damages for the loss of consortium of his wife for the time period from the date of the subject incident to the time of her death and is entitled to recover such damages from Defendants.

## V. THIRD CAUSE OF ACTION: SURVIVAL ACTION, PERSONAL INJURIES TO DEBORAH DOWNEY

19. Plaintiffs restate and reallege all facts in paragraphs 1 – 18 above, and further state and allege as follows:

a. Wyoming Statutes, Sections 1-4-101 and 102 provide that injuries to the person survive the death of that person and that an action for such injuries may be brought notwithstanding the death of the person injured.

b. Deborah Downey sustained injuries, including but not limited to injuries to her shoulder and neck, in the collision which is the subject of this matter. Those injuries resulted in significant pain, suffering, and disability for Deborah Downey. She was unable to continue her work as a truck driver, resulting in lost income. She required medical care, including surgical intervention. Her pain necessitated medications for some, but not total relief.

c. Deborah Downey's death was not a direct and proximate cause of the injuries sustained in the subject collision.

d. Plaintiffs Larry Downey and Margaret White are the duly appointed personal representatives for the Estate of Deborah Downey appointed for the purpose of pursuing a survival action for personal injuries to Deborah Downey.

20. As a direct cause and consequence of the negligence of the Defendants, Deborah Downey was injured and the Estate of Deborah Downey is entitled to recover survival damages for such injuries.

## VI. DAMAGES

21. As a direct cause and consequence of the negligence of the Defendants, jointly and severally, Larry Downey is entitled to recover the following damages, all in amounts as may be determined by the Court and jury:

a. Medical expenses.

b. Lost income.

c. Pain and suffering, past, present and future.

d. Loss of enjoyment of life, past, present and future.

e. Emotional distress, past, present and future.

f. Damages for the loss of consortium of Deborah Downey, for loss of mutual love, affection, intimacy, companionship, care, comfort, society and income.

22. As a direct cause and consequence of the negligence of Defendants, jointly and severally, the Estate of Deborah Downey is entitled to recover "survival" damages as follows:

a. Medical expenses.

b. Lost income.

c. Pain and suffering, past, present and future.

d. Loss of enjoyment of life, past, present and future.

e. Emotional distress, past, present and future.

WHEREFORE, Plaintiffs pray the Court enter judgment in amounts as are fair and just and for such other relief as is just and proper.

DATED this 20th day of March, 2013.

_____
Gary L. Shockey
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand this matter be tried by a jury and submit the requisite fee herewith.

_____
Gary L. Shockey